FILED

2010 NOV -8 P 2: 30

CLERK
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| BEAR CREEK COUNTRY KITCHENS, LLC | ) ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 1:10CV1263 ) ) LMB/IDD |
| v. | ) ) |
| ALDI, INC., | ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiff Bear Creek Country Kitchens, LLC ("Bear Creek") brings this complaint against Defendant Aldi, Inc. ("Aldi") and alleges as follows:

### INTRODUCTION

1. This is an action for trade dress infringement and related claims arising out of Aldi's intentional use of Bear Creek's longstanding and distinctive trade dress for soup mixes consisting of: a deep, forest green rectangular border around the outside of each package; the net weight indicated in a bright yellow band on the bottom of the package; instructions in a matching shade of yellow at the top; the bowl of soup or chili depicted in the center of the package; a banner above the bowl in a different color corresponding to the particular soup flavor; and the name of the soup flavor in prominent white lettering across the colored banner (the "Bear Creek Trade Dress") on Aldi's soup mixes. For many years, Bear Creek has devoted substantial resources to promoting the goodwill of its Bear Creek Trade Dress in association with its soup mixes. As a result, this trade

dress has become well known and distinctive. By its actions, Aldi has attempted to capitalize on the goodwill associated with the Bear Creek Trade Dress.

2. Aldi sells or distributes, without Bear Creek's consent or authorization, soup mixes in packaging bearing a close copy or imitation of the Bear Creek Trade Dress, in this judicial district, at Aldi supermarkets.

3. Through its actions, Aldi misleads consumers into thinking that Bear Creek is affiliated, connected, or associated with Aldi and/or that Bear Creek sponsors, endorses, licenses or otherwise approves of Aldi's soup mixes.

4. Aldi intentionally infringes Bear Creek's Bear Creek Trade Dress and profits from its illegal use of that trade dress.

## JURISDICTION AND VENUE

5. This is an action arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law trademark infringement and unfair competition.

6. This Court has jurisdiction over the subject matter of this action pursuant to: (i) 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b) and 15 U.S.C. § 1121 for the claims arising out of violations of Section 43(a) of the Lanham Act; and (ii) 28 U.S.C. § 1367(a) for the remaining claims pursuant to the principles of supplemental jurisdiction. The amount in controversy exceeds $75,000.

7. Venue in this district is proper under 28 U.S.C. § 1391(b) because, among other things, a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## THE PARTIES

8. Plaintiff Bear Creek Country Kitchens, LLC. is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1400 Old Country Road, Suite 103, Westbury, New York 11590.

9. On information and belief, Defendant Aldi, Inc. is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 1200 North Kirk Road, Batavia, Illinois 60510.

## FACTS GIVING RISE TO THIS ACTION

### A. The Bear Creek Trade Dress

10. Bear Creek (or a predecessor) has manufactured, marketed, and sold premium soup mixes for many years. Bear Creek has invested substantial time, effort, and money in advertising and promoting its mixes. As a result, Bear Creek's soup mixes are available in more than 80 % of supermarkets and supercenters in the United States and are among the most popular mixes of their type in the country..

11. One of the distinctive features of Bear Creek's soup mixes is its Bear Creek Trade Dress, which is comprised of: a deep, forest green rectangular border around the outside of each soup mix package; a bright yellow band above the bottom border indicating the package's net weight; instructions in a matching shade of yellow at the top; the bowl of soup depicted in the center of the package; a banner above the bowl in a different color corresponding to the particular soup flavor; and the name of the soup flavor in prominent white lettering inside the colored banner. The Bear Creek Trade Dress is used extensively in connection with the marketing and sale of Bear Creek's soup mixes, including on each of Bear Creek's fourteen different soup mix flavors. Bear Creek advertises and sells its premium soup mixes throughout the United States.

12. Beginning in 2005, Bear Creek, or its predecessor, has used the Bear Creek Trade Dress as packaging for its premium soup and chili mixes. Attached hereto as Exhibit A are copies of digital photographs of Plaintiff's packages of: potato soup; broccoli and cheddar soup; and chili.

13. The Bear Creek Trade Dress is well known, distinctive and nonfunctional. U.S. consumers rely on this trade dress to identify Bear Creek's soup mixes and to

distinguish them from competitors. The Bear Creek Trade Dress symbolizes the goodwill towards Bear Creek's products that is worth millions of dollars.

### B. Aldi's Packaging for its Soup Mixes

#### 1. Aldi's Earlier Trade Dress

14. Defendant Aldi operates discount grocery stores throughout the United States. Upon information and belief, the majority of Aldi's stores are located in the Eastern half of the United States, several of which are located in Virginia, including in this judicial district.

15. On information and belief, Aldi had been marketing and selling soup mixes under its own private label for several years prior to 2008. On information and belief, the packaging Aldi previously used for its private label soup mixes did not resemble the Bear Creek Trade Dress. For example, Aldi is the owner of a U.S. trademark registration with the U.S. Patent and Trademark Office (the "PTO") for the "Chef's Cupboard" mark (Reg. No. 2,737,629). In connection with that application, Aldi submitted sample packaging for onion soup mix that had a midnight blue background with a lighter blue band in the center. Attached hereto as Exhibit B is a copy of that sample packaging. Likewise, in connection with another federal trademark application for "Chef's Cupboard" (Ser. No. 73/692,032), Aldi submitted a tomato soup mix label to the PTO as a specimen that had a red and white label, a copy of which is attached hereto as Exhibit C.

#### 2. Aldi Misappropriated Bear Creek's Trade Dress

16. Beginning in or about September 2008 through February 2010, Aldi sold tens of thousands of Bear Creek's branded soup mixes, displaying the Bear Creek Trade Dress, in its chain of discount grocery stores with Bear Creek's authorization.

17. In or about April 2010, , Aldi contacted Karlin Foods, a company that contracts with Bear Creek to pack Bear Creek's soup mixes, about the possibility of Bear

Creek creating a line of soup mixes for Aldi to sell as an Aldi private label brand. Accordingly, at Aldi's request, Karlin Foods asked Bear Creek about developing a private label product for Aldi. Bear Creek declined to do so.

18. Given that Aldi had sold Bear Creek's branded soup mixes in its stores and approached Bear Creek to create a private label brand of soup mixes for Aldi, there is no question that Aldi is familiar with the well-known and distinctive Bear Creek Trade Dress.

19. On information and belief, in or about October 2010, Aldi began selling its soup mixes in packaging confusingly similar -- in fact, almost identical -- to the Bear Creek Trade Dress. Aldi's soup mixes display: a forest green border; a yellow band (and instructions in yellow at the top of the packages); a photograph of the soup in the center; and soup mix flavors in white lettering across a colored banner that corresponds to the flavor of the mix (the "Infringing Trade Dress"). Digital photographs showing several versions of the Infringing Trade Dress are attached hereto as Exhibit D.

20. Upon learning of the Infringing Trade Dress, Bear Creek's counsel contacted Aldi and requested that Aldi immediately cease and desist from using the Infringing Trade Dress. Despite Bear Creek's rights in the Bear Creek Trade Dress, Aldi's counsel indicated that Aldi intended to continue to use the Infringing Trade Dress to sell soup mixes in another promotion in Aldi's discount grocery stores.

21. Aldi's use of the same forest green border, the same shapes, proportions and colored banners denoting the soup mixes in the same lettering that Bear Creek uses clearly evokes the Bear Creek Trade Dress depicted in Exhibit A, and thus infringes Bear Creek's rights. The similarities between Aldi's packaging and the Bear Creek Trade Dress are striking. Both include, for example, the same forest green border, yellow band with the package's weight, picture of the soup, and colored banner with white lettering. Indeed, the entire look and feel of Aldi's packaging mimics the Bear Creek Trade Dress.

*Compare* Exhibit D (Aldi's Infringing Trade Dress for potato soup; broccoli and cheddar soup; and chili) to Exhibit A (Bear Creek Trade Dress for the same flavors).

22. Given Aldi's history of selling Bear Creek's soup mixes in its grocery stores and its desire for Bear Creek to develop a private label soup mix brand for Aldi, Aldi unquestionably was familiar with the distinctive Bear Creek Trade Dress. Disappointed that Bear Creek refused to allow Aldi to use its trade dress, Aldi took it upon itself to misappropriate that trade dress.

### C. Harm to Bear Creek

23. Bear Creek is suffering irreparable injury as a consequence of Aldi's wrongful conduct. As a result of the acts described herein, namely, Aldi's sale or distribution of its soup mixes in packaging bearing the Infringing Trade Dress, consumers are likely to be confused into thinking that Aldi's soup mixes are endorsed or sponsored by, or otherwise affiliated with, Bear Creek.

24. On information and belief, Aldi's acts as alleged herein have injured and threaten to continue to injure Bear Creek. Among other things, Bear Creek is likely to suffer a loss of goodwill associated with its Bear Creek Trade Dress.

25. On information and belief, Aldi intentionally selected the distinctive Bear Creek Trade Dress to be used on its product packaging to trade on Bear Creek's goodwill and confuse Bear Creek's customers into believing that there was an affiliation or sponsorship between Bear Creek and Aldi. These unlawful actions were taken by Aldi to capture Bear Creek's customer base and increase its profitability.

### FIRST CAUSE OF ACTION

**(False Designation of Origin, Unfair Competition and Trade Dress Infringement Under Section 43(a) of the Lanham Act)**
**(15 U.S.C. § 1125(a))**

26. Bear Creek realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 above.

27. Bear Creek owns a distinctive trade dress used in connection with the marketing and sale of its premium soup mixes, comprised of: a deep, forest green rectangular border around the outside of each package; a bright yellow band above the bottom border of the package displaying the package's net weight; instructions in a matching shade of yellow below the top border; a photograph of a bowl of soup in the center of the package; and a banner above the bowl in a different color corresponding to the particular flavor of soup with the name of the soup in large white lettering. By displaying the Infringing Trade Dress without Bear Creek's authorization on its soup mixes sold or distributed in interstate commerce, Aldi has violated Bear Creek's rights in its valuable and distinctive Bear Creek Trade Dress and engaged in unfair competition.

28. Aldi's sale or distribution of soup mixes in packaging bearing a close copy or imitation of the Bear Creek Trade Dress in commerce is likely to cause confusion or mistake, or to deceive consumers into thinking that Aldi is affiliated, connected, or associated with Bear Creek and/or that Bear Creek sponsors, endorses, licenses, or approves Aldi's sale or distribution of Aldi's soup mixes. Aldi's acts as alleged herein misrepresent the origin, nature, characteristics, or qualities of its soup mixes.

29. Bear Creek has no adequate remedy at law for the foregoing wrongful conduct. Bear Creek has been, and absent injunctive relief will continue to be, irreparably harmed by Aldi's actions. Bear Creek is also entitled to damages, trebled, and to reasonable attorneys' fees and costs as a result of Aldi's willful conduct.

## SECOND CAUSE OF ACTION

**(Common Law Trademark and Trade Dress Infringement Under Virginia Law)**

30. Bear Creek realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 above.

31. The Bear Creek Trade Dress constitutes a valid mark under common law.

32.  Aldi is liable for willful trademark infringement and trade dress infringement under Virginia common law. As alleged herein, Aldi's intentional, unauthorized use of the Bear Creek Trade Dress on "Chef's Cupboard" soup mixes sold or distributed through interstate commerce is likely to cause confusion or mistake, or to deceive consumers into thinking that Aldi's products are genuine Bear Creek products and/or that Bear Creek sponsored or approved the sale and/or distribution of these products.

33.  Bear Creek has no adequate remedy at law for the foregoing wrongful conduct. Bear Creek has been, and absent injunctive relief will continue to be, irreparably harmed by Aldi's actions. Bear Creek is also entitled to damages, trebled, and to reasonable attorneys' fees and costs as a result of Aldi's willful conduct.

## THIRD CAUSE OF ACTION

### (Common Law Unfair Competition Under Virginia Law)

34.  Bear Creek realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 above.

35.  Aldi's conduct, as alleged herein, constitutes unfair competition under Virginia common law. Aldi's intentional acts have resulted in the "passing off" of Aldi's soup mixes as those of Bear Creek, or as somehow related or associated with, or sponsored or endorsed by, Bear Creek.

36.  Bear Creek has no adequate remedy at law for the foregoing wrongful conduct. Bear Creek has been, and absent injunctive relief will continue to be, irreparably harmed by Aldi's actions. Bear Creek is also entitled to damages, trebled, and to reasonable attorneys' fees and costs as a result of Aldi's willful conduct.

37.  Upon information and belief, Aldi's conduct was oppressive, fraudulent, and malicious, and Bear Creek thus is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment Under Virginia Law)

38. Bear Creek realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37 above.

39. Bear Creek owns all right, title, and interest in and to the Bear Creek Trade Dress as described above, including all common law rights in such trade dress.

40. By the acts described in Paragraphs 1 through 37 above, Aldi has intentionally retained revenues to which it knows it is not equitably or legally entitled, and is thereby unjustly enriched at Bear Creek's expense, in violation of the common law of the Commonwealth of Virginia.

41. Upon information and belief, Aldi has been and will continue to be unjustly enriched as a result of its unauthorized use of the Bear Creek Trade Dress on soup mix packaging, thereby depriving Bear Creek of revenues it rightfully should receive by virtue of the use of its well-known and distinctive trade dress.

42. Aldi's wrongful acts will continue unless enjoined by this Court.

43. Aldi's acts have caused, and will continue to cause, irreparable injury to Bear Creek. Bear Creek has no adequate remedy at law and is thus damaged in an amount not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, Bear Creek prays:

A. For judgment that:

   (i) Aldi has engaged in false designation of origin, unfair competition, and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   (ii) Aldi has engaged in trademark and trade dress infringement in violation of Virginia common law;

    (iii)    Aldi has engaged in unfair competition in violation of Virginia common law; and

    (iv)    Aldi has been unjustly enriched in violation of Virginia common law.

B.    For an injunction restraining and enjoining Aldi and its divisions, subsidiaries, officers, agents, servants, employees, representatives, and attorneys, and all those persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from:

    (i)    making any present or future use of the Bear Creek Trade Dress, or of any other marks, names, designs, logos, and/or trade dress substantially or confusingly similar thereto, or to any other Bear Creek trademarks and/or trade dress, including but not limited to the Infringing Trade Dress;

    (ii)    engaging in any activity constituting an infringement of any of Bear Creek's rights in its trademarks, including, without limitation, the Bear Creek Trade Dress; and

    (iii)    selling and/or offering for sale soup mixes or related products, including but not limited to the "Chef's Cupboard" soup mixes, that make use of the Bear Creek Trade Dress, or of any marks, names, designs, logos, and/or trade dress substantially or confusingly similar thereto, or to any other Bear Creek trademarks and/or trade dress, including without limitation the Infringing Trade Dress.

C.    For an order awarding Bear Creek (i) Aldi's profits derived from its unlawful conduct, attorneys' fees, and costs to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117 and the common law, with damages awarded under

15 U.S.C. § 1117 trebled; and (ii) actual and punitive damages under Virginia common law.

D. For an order requiring Aldi to deliver up to Bear Creek for destruction or other disposition all remaining stock and/or inventory of all items bearing the Bear Creek Trade Dress, and/or any copy or imitation thereof, and all means of making the same.

E. For an order requiring Aldi to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of Section 43(a) of the Lanham Act and the common law of trademark infringement, trade dress infringement, unfair competition, and unjust enrichment and to ameliorate the false and deceptive impressions produced by such violations.

F. For such other and further relief as the Court shall deem appropriate.

Dated: November 8, 2010

Respectfully submitted,

Randall K. Miller (VSB 70672)
Nicholas M. DePalma (VSB 72886)
ARNOLD & PORTER LLP
1600 Tysons Boulevard
Suite 900
McLean, VA 22102-4865
Main: 703.720.7000
Direct: 703.720.7030
Facsimile: 703.720.7399
Email: Randall.Miller@aporter.com
Email: Nicholas.Depalma@aporter.com
*Counsel for Plaintiff Bear Creek Country Kitchens LLC*

Of Counsel
Roberta L. Horton
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Phone: (202) 942-5000
Fax: (202) 942-5999